BREAUX, C. J.
This is a suit brought by the People’s Homestead Association for payment of its claim and to sell property held; by it as security.
Plaintiff filed a rule against Mrs. Kate *253 Halliday Vallas, executrix of the last will and testament of her late husband, Horace Vallas, and against his heirs of age, claiming $4,600 with interest thereon at the rate of 6 per cent, per annum from June 1, 1901; also claiming the sum of $28.73 and the sum of $25.80, with interest as claimed in the rule.
Plaintiff also claimed fee of attorney (i. e., 5 per cent, commission), all subject to a credit of $885.08, and proposed to allow defendant another credit should the executrix and heirs of the deceased surrender and cancel the shares of the deceased in the plaintiff association of $475.27.
The amounts loaned by plaintiff in rule to the late debtor Vallas are the amount due and now claimed, subject to the credits stated.
It seems that the debtor’s shares with dividends thereon were pledged to plaintiff as security of the amount claimed.
[1] Plaintiff holds property it admits to have acquired for account of its late debtor, Valias, who was one of the stockholders and directors of the plaintiff company.
[2, 3] This property was held by plaintiff as security for advances made to Valias, debtor.
This property consists of realty and is described in the petition.
Plaintiff claims to have a right to have the property sold for cash, or on credit, should the buyer elect to buy on credit, for payment of its claim, and states that all of the taxes for the year 1910 should be assumed by the purchaser of the property.
The defendant answered the rule, admitting that the property was acquired by plaintiff for account of the late debtor, before named, but the defendant pleaded a general denial as to the other claims of plaintiff, and averred, further, that, if the amounts plaintiff sues for are all recognized there will not be assets enough from the succession of the late Horace Valias to pay the funeral charges, the law charges, and expenses of administration and other charges.
Defendants do not oppose the sale; on the contrary. But they deny that plaintiff is entitled to be paid except in due course of administration, and that is really the only question of any importance at issue.
The judgment of the district court found for plaintiff for the amount it claims subject to the credits before mentioned.
The court ordered a sale of the property in the succession of Valias for the payment of the debts allowed, and passed over, without approval or disapproval, the claim of 5 per cent, the amount claimed by plaintiff to pay its attorney’s fee. It will be stated that the property is in possession of the succession.
1. Title to the property:
The plaintiff seeks to have it decreed that the whole property is bound to it for the payment of the debt as if it were absolutely owned by it, and that the executrix and heirs are not entitled to anything before complete payment of all its claims.
Taking up in the first place the question of the title of the property, we are of opinion that it belongs to the succession of the late Horace Valias. It is the property of the heirs subject to the payment of the debts and not the property of the plaintiff in which the heirs have a residuary interest. Plaintiff does not own the property. The manner in which it acquired it precludes its claim to ownership of it. It was from the first a matter of security.
Ownership was in the debtor, Valias.
The plaintiff creditor has a complete right as a creditor. None the less, the property must be sold.
After it will have been sold, the funds will be paid by the executrix in due course of administration.
The plaintiff is the owner, or it is not the owner.
*255 If it bought the property for the defendant, it was not the owner. The only right it has is to be paid from the proceeds of the sale.
[4] As it is riot the owner, and as the property is to be sold, it must be sold in the succession of the owner, subject always to all the rights of the plaintiff, which rights are transferred to the proceeds, which are to be paid over to it immediately after the amount will have been ascertained.
2. The whole property is bound, and will be sold to carry out the contract.
In order to settle the rights of the parties, it becomes necessary, to a certain extent, to treat this transaction as if it were complete.
In a certain sense it is complete, for the plaintiff admits all that it is necessary to admit in order to have it considered a complete agreement. It in a sense holds the property, only for the purpose, however, of recovering the price.
If the property had passed into the hands of the late debtor, Valias, it would become an asset of his succession, and plaintiff’s remedy would then have been to foreclose the mortgage and vendor’s privilege.
Under the laws regulating homestead associations, we consider plaintiff’s claim is secured by a vendor’s privilege. Plaintiff has all of the rights of a vendor in so far as relates to the collection of its claim. It cannot claim any greater right than that of a vendor. It cannot claim to be the owner for it is not.
When the property will have been sold, the vendor’s privilege will control nearly all the proceeds, and the rights of parties will have to be regulated in the distribution as in the case of a sale to satisfy a vendor’s privilege;
This will do justice between the parties and equitably carry out the agreement between them.
Plaintiff under no circumstances can recover more than it will recover as a creditor having a vendor’s privilege.
As to the extent of the vendor’s privilege on the proceeds, in case there are not enough funds to pay plaintiff’s claim and other privileged claims of the succession, if there are any superior in rank to the vendor’s privilege such as charges for an inventory and for the sale of the property (we purposely will not enumerate any other), it will be time enough to determine when the funds will be distributed as per tableau of debts.
As there are no such claims before us at this time, we will not now determine whether or not any part of these claims should be deducted.
8. Attorney’s fee:
The 5 per cent, claimed by plaintiff:
It is quite true that the attorney who renders services ought to be paid a just compensation by somebody.
The question here is whether the defendant should pay 5 per cent, on the amount of the claim, although there was no contract made between creditor and debtor that the latter would pay the fee of attorney in case of suit for the recovery of the claim.
It remains that, if there is anything in this claim, the services were not rendered in foreclosure proceedings, and the question is really not before us.
The purpose of the suit was a settlement of accounts between the parties.
Furthermore, the judge of the district court did not decide whether this fee was due or not.
It will be time enough to determine whether or not this claim should be paid when an account will be rendered as required.
The rights of the parties to be asserted hereafter are reserved by the words of the decision as above expressed.
By reason of the law and the evidence being in favor of the defendant in rule and appellee, it is ordered, adjud^bd, and decreed that the judgment is affirmed.